IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARTH NEWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )    **C.A. 2:20-CV-01973-RJC** |
| POLLOCK COHEN, LLP, STEVE COHEN, CHRISTOPHER K. LEUNG, and ADAM POLLOCK, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Robert J. Colville, United States District Judge

Presently pending before the court is Plaintiff Darth Newman's Renewed Motion for Preliminary Injunction (ECF No. 8) and brief in support (ECF No. 13), to which Defendants Steve Cohen, Christopher K. Leung, Adam Pollock, and Pollock Cohen, LLC (collectively, "Defendants") have filed a Brief in Opposition. (ECF No. 10). For the reasons stated herein, the motion will be denied.

Plaintiff is a former attorney at the law firm Pollock Cohen, LLP, who sues for alleged unpaid compensation from contingency recoveries received by the firm after he left the firm. Plaintiff seeks injunctive relief as stated in his proposed Order: "Defendants are hereby preliminarily enjoined to escrow the disputed portions of any contingency recoveries received by Defendants after Newman's Separation Date." (ECF No. 8-5).

Federal Rule of Civil Procedure 65(a) grants federal courts the authority to issue preliminary injunctions. In their Brief in Opposition to the Motion for Preliminary Injunction,

1

Defendants argue the Court lacks authority to grant injunctive relief[1] seeking to have funds placed in escrow to ensure their availability to satisfy a judgment of monetary damages.

On February 11, 2021, the Court held a telephonic status conference to discuss this and the then-pending motion to dismiss.  The court  encouraged counsel to attempt to come to an amenable solution to their dispute, and noted in the hearing memo from said conference that should counsel not reach an agreement as to the concerns raised in the motion for preliminary injunction, "the parties have conceded that the Court has sufficient briefing on the issue of the Court's authority to enter a preliminary injunction as to plaintiff's claim for monetary damages." (ECF No. 16).  On February 22, 2021, counsel advised in a Joint Status Report they had reached an impasse.  (ECF No. 20).

On February 17, 2021, Plaintiff filed an Amended Complaint ("Am. Compl.").  At Count I Plaintiff names all defendants and asks the court to enter a declaratory judgment.[2] At Count II Plaintiff alleges violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*. as to all defendants. Count III alleges breach of contract as to Pollock Cohen, LLP. Count IV alleges unjust enrichment, plead in the alternative, as to all defendants.  At Count V

---

[1] The well-known four factor standard, which we do not apply at this juncture, would require a hearing.  *American Express Travel Related Servs., Inc. v. Sidamon-Eristoff,* 669 F.3d 359, 366 (3d Cir. 2012).

[2] Plaintiff seeks a declaration:
  i. Declaring the Plaintiff's Employment Contract with Defendants valid and enforceable.
  ii. Requiring Defendants to provide a list of all matters for which they were engaged as of March 25, 2020 within 5 days of this order.
  iii. Requiring Defendants to provide notification to Plaintiff of the resolution of any such matters or portions of matters and the amount of The Firm's share of any contingency recoveries defined as including both fee awards and The Firm's portion of any contingency wins, settlements or other awards and calculated before deductions for overheads, compensation, non-case specific expenses, or reimbursed expenses within 5 days of any such resolution or partial resolution.
  iv. Requiring Defendants to pay to Plaintiff 10% of all contingency recoveries received by Defendants for any such matters for the first $2 million of recoveries each year and then 5% thereafter within 5 days of the funds "clearing" The Firm's IOLTA account.
  v. Such other relief as the Court deems just and appropriate

Plaintiff alleges breach of fiduciary duty, plead in the alternative, as to all defendants.  Count VI alleges promissory estoppel, plead in the alternative, as to all defendants.

In their Brief in Opposition, Defendants cite to numerous cases in support of the proposition that a preliminary injunction is inappropriate when the motion seeks relief in the form of compelling a party to place funds in escrow.  The case law is clear. In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) the Supreme Court held that a federal district court lacks the authority to freeze assets in an action for damages where no lien or equitable interest in the assets is claimed.[3] 527 U.S. at 332–33, 119 S.Ct. 1961; *see also Karpov v. Karpov*, 555 F. App'x 146, 147 n.2 (3d Cir. 2014) (affirming district court's determination that it "lacked the authority" to issue an injunction preventing the defendant from transferring assets); *see also NVR, Inc. v. Majestic Hills, LLC,* 2019 WL 4673225 *2 (W.D. Pa. Sept. 25, 2019) (Ranjan, DJ) and cases cited therein.  In short, where only damages are sought and no prior judgment has been entered, the Court may not grant an asset freeze.

Plaintiff attempts to cast this cause of action as one sounding in equity.

> Defendants promised to pay Mr. Newman a portion of their contingency recoveries as a core portion of his compensation structure as stated in the contract: "[i]n addition to the above [referring to the ten thousand per month plus interest]: [w]e will pay you an annual bonus of 10% of all 'contingency recoveries.'" Mr. Newman is not seeking an injunction on unsecured claims or general undifferentiated company funds but rather the specific portion of identifiable contingency recoveries owed to him under the contract.

---

[3] After reviewing the legal history of pre-judgment attachment under early English law, the Supreme Court in *Grupo* decided that "such a remedy was historically unavailable from a court of equity," and would create a "new rule [that] could radically alter the balance between debtor's and creditor's rights." Therefore, the Supreme Court held the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages. *Id.* at 331.

3

(ECF No. 14 at 5).  He also argues that there is a public interest exception to *Grupo*; in this instance, he argues, the public has an interest in relying on attorneys not to spend contested funds when there is a dispute regarding ownership of said funds, as governed by the Rules of Professional Conduct.  Yet absent from Plaintiff's argument is citation to any legal authority that such an exception has ever been applied in the context of this case.  In fact, in the most recent Joint Status Report, Plaintiff's counsel appears to have conceded the lack of such legal precedent:

> On February 22, 2021 . . . Defendants' counsel contacted Plaintiff's counsel and stated that Defendants withdrew their offer and did not plan to put forth an alternative resolution unless Plaintiff provided them with additional case law and authority to support his Motion for Preliminary Injunction. . . . Plaintiff did not provide Defendants with any additional case law or authority and Defendants were not willing to engage in additional discussion.

(ECF No. 20 at 3).

In *Grupo* the court held that absent an act by Congress bestowing additional power upon the courts, the traditional rule remains that the federal courts have no equity power to restrain a defendant from controlling or alienating its assets pending a decision in an action for money damages and before any judgment is entered. *Id.* at 333.  Accordingly, because we have no authority to freeze Defendants' funds to help ensure satisfaction of a judgment should Plaintiff prevail on the underlying legal claim, the motion for preliminary injunction will be denied.

AND NOW, this 5th day of March, 2021, Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be and the same is hereby DENIED.

BY THE COURT:

/s/ Robert J. Colville
Robert J. Colville
United States District Judge

Cc:  Record counsel via CM-ECF